CLARA REITHEL AND WILLIAM REITHEL, PLAINTIFFS, v. JOHN FRANK, DEFENDANT.

Decided November 24, 1926.

**Negligence—Automobile Collision—Question of Excessive Damages Only—Facts Considered and Held Not Excessive.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Frank G. Turner.*

*Contra, Francis A. Gordon.*

PER CURIAM.

The only question presented and argued in the brief of the defendant's counsel is, that a verdict obtained by Clara Reithel, the female plaintiff, against the defendant in this court, at the Union Circuit, for the sum of $41,000 for injuries suffered by her through defendant's negligence, is excessive, and that a verdict of $1,900 obtained in the same action by William Reithel, husband of the female plaintiff, for damage done to his automobile and for loss of consortium and for moneys expended by him for doctors, nurses and

medicine incurred by reason of injuries sustained by his wife, due to the defendant's negligence, is also excessive.

The automobile in which the female was riding collided with the defendant's automobile. The liability of the defendant to respond to the plaintiffs in damages is not denied.

From the testimony it appears that though the plaintiff, prior to the accident, was suffering from nervous condition, she was in other respects in the enjoyment of good health; that she was able and did perform her household duties. She is forty-two years of age. At the time of the accident she was *enceinte*. As a result of the collision she had a severe hemorrhage and a miscarriage; she was in bed six weeks and was kept indoors in the neighborhood of two months; she suffered a falling of the stomach, which ailment requires the constant wearing of an abdominal support; that she has been, and still was, incapacitated from performing her household duties, and that her nervous condition has been greatly augmented. We are not prepared to say that taking into consideration the altered physical condition and the pain and suffering she had endured that the award of the jury is excessive.

We are also of the view that the verdict in favor of the husband is not excessive. He paid $100 for medical attendance upon his wife; $40 for medicines and $145 for repairs to the automobile. In addition to these expenditures the jury could properly take into consideration the additional outlays that the husband would probably be put to by reason of the continued ailments of his wife, and, moreover, to compensate him for the loss of the society, comfort and assistance of his wife.

The rule to show cause is discharged, with costs.